O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | | |
|---|---|---|
| THOMAS RICHARD DIBARTELO, | ) | Case No. EDCV 12-0259-DSF (MLG) |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | DISMISSING DEFENDANTS SHARON |
| v. | ) | BARKSDALE, EDMUND G. BROWN, AND |
| | ) | PEGGY JIMENEZ FOR FAILURE TO |
| ALEX SCOTT, et al., | ) | SERVE |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiff filed this *pro se* civil rights action on February 21, 2012. He paid the full filing fee. Five of the Defendants waived service. Fed.R.Civ.P. 4(d). However, service was not waived by Defendants Sharon Barksdale, Edmund G. Brown, and Peggy Jimenez. Because it appears from the record that the latter three defendants have not waived service and have not been properly served, they will be dismissed from this action without prejudice.

Rule 4(m) of the Federal Rules of Civil Procedure provides that if service is not made within 120 days after the filing of the complaint, and the plaintiff cannot show good cause why service was not made within that period, the action shall be dismissed without prejudice upon the court's own initiative with notice to the

1  plaintiff. Fed.R.Civ.P. 4(m); *see Boudette v. Barnette*, 923 F.2d 754,

2  757 (9th Cir. 1991)(affirming dismissal of complaint for failure to

3  timely serve the summons and complaint); *Townsel v. County of Contra*

4  *Costa*, 820 F.2d 319, 320 (9th Cir. 1987)(same). The 120-day period

5  may be extended by the Court upon a showing of good cause. *See*

6  Fed.R.Civ.P. 4(m). The 120 days in which to effect service in this

7  case expired on June 20, 2012.

8      On August 8, 2012, Magistrate Judge Marc L. Goldman ordered

9  Plaintiff to show cause in writing, on or before August 28, 2012, why

10  the action should not be dismissed against the unserved defendants

11  for failure to effect service. Plaintiff filed a nominal response on

12  August 16, 2012, in which he quotes from the Bible, the Magna Carta,

13  the Articles of Confederation, the Constitution, and the Declaration

14  of Independence. What he has not done is shown that the three

15  Defendants have been properly served or demonstrated good cause for

16  failing to effect service within 120 days of the filing of the

17  complaint.

18      The record shows that Plaintiff claims to have sent copies of

19  the summons and complaint to Defendants Barksdale, Brown, and Jimenez

20  by certified mail. However, that is not an effective means of service

21  under either the Federal Rules of Civil Procedure or the California

22  Code of Civil Procedure. Fed.R.Civ.P. 4(e)(2) requires that an

23  individual be served by either personally delivering the summons and

24  complaint; leaving the documents with someone of suitable age and

25  discretion at the defendant's usual place of abode; or delivering the

26  documents to an agent authorized to receive service of process. None

27  of these means of service were utilized here.

28  //

1      Alternatively, Fed.R.Civ.P. 4(e)(1) permits service by following
2  state law for service in an action brought in courts of general
3  jurisdiction in the state where the district court sits. Cal. Code
4  Civ. P. § 415.30 provides a means for service of process by mail, but
5  that provision requires that the plaintiff include a specific notice,
6  an acknowledgment of receipt of the summons, and a prepaid return
7  envelope in the mailing. In addition, section 415.30 requires the
8  recipient to return a written acknowledgment of receipt of the
9  summons in order for service to be completed. *See e.g., Vela v.*
10 *Murphy*, 362 Fed.Appx. 624 (9th Cir. 2010); *Barlow v. Ground*, 39 F.3d
11 231, 234 (9th Cir. 1994); *Tandy Corp. v. Superior Court*, 117
12 Cal.App.3d 911 (1981). No acknowledgment of service has been filed
13 and thus, Plaintiff has failed to show that he has met the
14 requirements of this section.

15     Plaintiff has therefore failed to properly effect service upon
16 Defendants Barksdale, Brown, and Jimenez, and although given notice
17 and an opportunity to respond, has not shown good cause for this
18 failure. *See Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 511–12
19 (9th Cir. 2001) (setting forth standard of review and discussing
20 factors to establish good cause). Moreover, Plaintiff has not
21 requested leave to extend the time for effecting service. The failure
22 to effect service warrants dismissal of this action as to the
23 unserved defendants by reason of Rule 4(m).
24 //
25 //
26 //
27 //
28 //

1      Accordingly, it is ORDERED that this action be dismissed as to

2  Defendants Barksdale, Brown, and Jimenez without prejudice for

3  failure to effect service.

4

5  Dated: 8/27/12

6

7
                         Dale S. Fischer

8                         United States District Judge

9

10  Presented By:

11

12

      MARC L. GOLDMAN

13  Marc L. Goldman
      United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28