O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| THOMAS RICHARD DIBARTELO,<br><br>    Plaintiff,<br><br>    v.<br><br>ALEX SCOTT, et al.,<br><br>    Defendants. | Case No. EDCV 12-0259-DSF (MLG)<br><br>MEMORANDUM OPINION AND ORDER DISMISSING DEFENDANTS SHARON BARKSDALE, EDMUND G. BROWN, AND PEGGY JIMENEZ FOR FAILURE TO SERVE |

    Plaintiff filed this *pro se* civil rights action on February 21, 2012. He paid the full filing fee. Five of the Defendants waived service. Fed.R.Civ.P. 4(d). However, service was not waived by Defendants Sharon Barksdale, Edmund G. Brown, and Peggy Jimenez. Because it appears from the record that the latter three defendants have not waived service and have not been properly served, they will be dismissed from this action without prejudice.

    Rule 4(m) of the Federal Rules of Civil Procedure provides that if service is not made within 120 days after the filing of the complaint, and the plaintiff cannot show good cause why service was not made within that period, the action shall be dismissed without prejudice upon the court's own initiative with notice to the

plaintiff. Fed.R.Civ.P. 4(m); *see Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991)(affirming dismissal of complaint for failure to timely serve the summons and complaint); *Townsel v. County of Contra Costa*, 820 F.2d 319, 320 (9th Cir. 1987)(same). The 120-day period may be extended by the Court upon a showing of good cause. *See* Fed.R.Civ.P. 4(m). The 120 days in which to effect service in this case expired on June 20, 2012.

On August 8, 2012, Magistrate Judge Marc L. Goldman ordered Plaintiff to show cause in writing, on or before August 28, 2012, why the action should not be dismissed against the unserved defendants for failure to effect service. Plaintiff filed a nominal response on August 16, 2012, in which he quotes from the Bible, the Magna Carta, the Articles of Confederation, the Constitution, and the Declaration of Independence. What he has not done is shown that the three Defendants have been properly served or demonstrated good cause for failing to effect service within 120 days of the filing of the complaint.

The record shows that Plaintiff claims to have sent copies of the summons and complaint to Defendants Barksdale, Brown, and Jimenez by certified mail. However, that is not an effective means of service under either the Federal Rules of Civil Procedure or the California Code of Civil Procedure. Fed.R.Civ.P. 4(e)(2) requires that an individual be served by either personally delivering the summons and complaint; leaving the documents with someone of suitable age and discretion at the defendant's usual place of abode; or delivering the documents to an agent authorized to receive service of process. None of these means of service were utilized here.

//

1  Alternatively, Fed.R.Civ.P. 4(e)(1) permits service by following 2 state law for service in an action brought in courts of general 3 jurisdiction in the state where the district court sits. Cal. Code 4 Civ. P. § 415.30 provides a means for service of process by mail, but 5 that provision requires that the plaintiff include a specific notice, 6 an acknowledgment of receipt of the summons, and a prepaid return 7 envelope in the mailing. In addition, section 415.30 requires the 8 recipient to return a written acknowledgment of receipt of the 9 summons in order for service to be completed. *See e.g., Vela v.* 10 *Murphy*, 362 Fed.Appx. 624 (9th Cir. 2010); *Barlow v. Ground*, 39 F.3d 11 231, 234 (9th Cir. 1994); *Tandy Corp. v. Superior Court*, 117 12 Cal.App.3d 911 (1981). No acknowledgment of service has been filed 13 and thus, Plaintiff has failed to show that he has met the 14 requirements of this section.

15  Plaintiff has therefore failed to properly effect service upon 16 Defendants Barksdale, Brown, and Jimenez, and although given notice 17 and an opportunity to respond, has not shown good cause for this 18 failure. *See Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 511–12 19 (9th Cir. 2001) (setting forth standard of review and discussing 20 factors to establish good cause). Moreover, Plaintiff has not 21 requested leave to extend the time for effecting service. The failure 22 to effect service warrants dismissal of this action as to the 23 unserved defendants by reason of Rule 4(m).

24 //
25 //
26 //
27 //
28 //

3

1  Accordingly, it is ORDERED that this action be dismissed as to Defendants Barksdale, Brown, and Jimenez without prejudice for failure to effect service.

Dated: 8/27/12

_____
Dale S. Fischer
United States District Judge

Presented By:

___MARC L. GOLDMAN___
Marc L. Goldman
United States Magistrate Judge

4